In the Matter of WESTEC CORPO-RATION, Debtor.

LING & COMPANY, INC., Appellant,

v.

Orville S. CARPENTER, Trustee, Appellee.

No. 71–1646

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1971.

Rehearing and Rehearing En Banc Denied Oct. 25, 1971.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Ray G. Besing, G. Leroy Street, Geary, Brice, Barron & Stahl, Dallas, Tex., for appellant.

Fred Knapp, Jr., Raymond A. Cook, James W. Dilworth, of Andrews, Kurth, Campbell & Jones, Houston, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal involves but one phase in a complicated multifaceted Chapter X bankruptcy reorganization of the debtor corporation, Westec Corporation.

Appellant, Ling & Company, Inc., is a claimant in the bankruptcy proceedings and has been ordered by the District Court to repay to appellee Carpenter, Trustee for the reorganization proceedings, the sum of $80,455.51, plus interest, representing proceeds from 10,000 shares of stock of the debtor corporation of which appellant alleges it is the owner. By a previous order of the District Court, appellant, as an escrow beneficiary, had been allowed to withdraw the sum referred to conditioned upon said beneficiary's submitting to the escrow agent evidence that it had "a minimum net worth subject to execution of ten times the amount of the escrow proceeds" and "an agreement to repay such proceeds, plus interest thereon from the date of withdrawal at the rate of 6% per annum, to the Escrow Agent or the Trustee pursuant to * * * an order after notice and hearing that said beneficiary's net worth has so changed or become impaired as to require such repayment for Trustee's protection * * *"

Appellant executed the agreement relative to repayment.

On motion of the Trustee to have the funds returned to escrow, the District Court held a hearing on the question of appellant's net worth and found that it "has so changed or become impaired as to require the repayment."

■ We have examined the record and are of the opinion that the District Court's findings are not clearly erroneous. To the contrary, the court was eminently correct in ordering repayment to protect the Trustee by preventing possible dissipation of the funds, which funds will be held in escrow until an adjudication of appellant's interest in the proceeds is made.

■■ We have also considered appellant's contention that the court was without jurisdiction, and find it to be without merit. Bankruptcy courts are invested with broad equitable powers and discretion. 11 U.S.C. § 11. See Pepper v. Litton, 308 U.S. 295, 303–305, 60 S.Ct. 238, 244–245, 84 L.Ed. 281 (1939). See also DeMet v. Harralson, 5 Cir., 1968, 399 F.2d 35; Securities and Exchange Com'n v. Crumpton Builders, Inc., 5 Cir., 1964, 337 F.2d 907 (1964); Spach v. Bryant, 5 Cir., 1962, 309 F.2d 886. Under the circumstances of this case, it was clearly within the province of the reorganization court to exercise its jurisdiction and enter the challenged order.

Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 21), the Petition for Rehearing En Banc is denied.